IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AUBRAY PUGH, OLIVIA, LEES, and CASSIDY ELLIOT,<br><br>  Plaintiffs,<br><br>v.<br><br>LADY JANE'S HAIRCUTS FOR MEN HOLDING COMPANY, LLC; LADY JANE'S MURFREESBORO TN, LLC; and LADY JANE'S NASHVILLE – COOL SPRINGS TN, LLC, MICHIGAN,<br><br>  Defendants. | Case No. 3:22-cv-00556<br><br>Judge Aleta A. Trauger |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Following arms-length negotiations and mediation during the arbitration of their claims, Plaintiffs Aubray Pugh, Olivia Lees, and Cassidy Elliott (collectively, "Plaintiffs"), and Defendants Lady Jane's Haircuts for Men Holding Co., LLC, Lady Jane's Murfreesboro TN, LLC, and Lady Jane's Nashville – Cool Springs TN, LLC (collectively "Lady Jane's" or "Defendants") (together with Plaintiffs, the "Parties") have reached a proposed settlement in the above-captioned case. The Parties respectfully request that the Court approve the proposed settlement of this Fair Labor Standards Act ("FLSA") case seeking minimum wage and overtime compensation, as well as compensation of alleged FLSA retaliation as to Plaintiff Pugh and dismiss the case with prejudice. As detailed below, the Court should grant the Parties' joint motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' *bona fide* dispute as to liability and damages under the FLSA. Plaintiffs also seek what they believe is an award of reasonable attorneys' fees, costs, and expenses.

## I. RELEVANT PROCEDURAL AND FACTUAL HISTORY

Plaintiffs filed their Complaint on July 28, 2022. (Doc. 1.) In the Complaint, Plaintiffs alleged that they performed work for Lady Jane's as independent contractor hairstylists at various intervals during the previous three years and, during that time, were misclassified. (*See id.*) They also alleged Defendants violated the FLSA's minimum wage and overtime requirements. (*Id.*) Additionally, Plaintiff Pugh alleged that her Independent Contractor Agreement was terminated after she raised FLSA complaints. (*Id.*) Defendants maintain that Plaintiffs were paid all compensation to which they were entitled for all hours worked, that the compensation paid to Plaintiffs far exceeded the minimum wage, and further deny any retaliation against Plaintiff Pugh.

After the Complaint was filed, Defendants filed a Motion to Dismiss and Compel Arbitration, to which Plaintiffs responded in opposition. (Docs. 13 through 13-2; Docs. 18 through 19-3; 24.) After the Parties fully briefed the Motion to Dismiss, the Court entered an Order granting Defendants' Motion and compelling Plaintiffs' claims to arbitration on an individual basis. (*See id.*; Docs. 26–27.) However, the Court stayed rather than dismissed the instant Lawsuit. (Doc. 27.) Each Plaintiff thereafter filed a Demand for Arbitration, and the Plaintiffs' claims proceeded individually in arbitration before three separate arbitrators. After the exchange of initial disclosures, and additional pay data and information needed to assess Plaintiffs' claims, the Parties engaged well-respected Nashville mediator, M. Reid Estes, Jr., to assist the Parties' negotiations toward resolution of the claims. After a full day of mediation, and several weeks of follow-up negotiations using Mr. Estes' knowledge and expertise, the Parties have reached a tentative settlement, and now seek the Court's review of the proposed settlement.

## II. TERMS OF THE PROPOSED SETTLEMENT

The settlement provides that Defendants will pay a gross sum, which includes Plaintiff's attorneys' fees and litigation costs. The dollar amounts of the agreement are set forth in a confidential settlement agreement, as Exhibit 1.[1]

Based on Defendant's business records Plaintiffs did not have many, if any, recorded hours qualifying exceeding forty hours in a given workweek, diminishing the likelihood Plaintiffs would prevail on an unpaid overtime claims. Next, the Parties dispute whether a three-year liability period or liquidated damages would be available to Plaintiffs. Finally, Plaintiffs advance an argument that the pay Plaintiffs received as independent contractors did not constitute wages. Defendants vigorously deny this claim.

Ultimately, despite the existing *bona fide* disputes as to the merits of Plaintiffs' claims, the applicable limitations period, and any potential recovery by Plaintiffs, the Parties compromised to resolve the claims by arriving at amounts that are based on Plaintiffs' minimum wage claims during a three-year period. The parties agreed those amounts would be split evenly between W-2 and 1099 payments. The Parties then negotiated the amounts for Plaintiff Pugh's retaliation claim, followed by attorneys' fees and costs for all litigation.

In exchange for Defendants' payments, Plaintiffs have agreed to dismiss their Arbitrations, and to dismiss the case with prejudice. Further, Plaintiffs have agreed to release and discharge Defendants (and related individuals and entities as described in the confidential settlement agreement) from, among other things, all known and unknown claims for overtime compensation, minimum wages, liquidated damages, penalties, interest, and attorneys' fees under the FLSA

---

[1] Exhibit 1 is being submitted, unredacted to chambers via email contemporaneously with this joint motion.

arising from their contractual relationship with Defendants. Plaintiff Pugh has also agreed to release Defendants from her claims for back wages and compensatory damages relating to her FLSA retaliation claim.

### III. BASIS FOR COURT APPROVAL

In reviewing the settlement of an FLSA claim, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). "The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 2:17-cv-58, 2018 WL 3910999, at *2 (E.D. Tenn. July 30, 2018) (quoting *Edwards v. City of Mansfield*, No. 1:15-CV-959, 2016 WL 2853619, at *3 (N.D. Ohio May 16, 2016)); *accord Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

The court must also scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Lusane v. Mapco Express, Inc.*, No. 3:20-00665, 2022 U.S. Dist. LEXIS 59870 (M.D. Tenn. Mar. 31, 2022); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court

4

should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### A. A *Bona Fide* Dispute Exists.

A *bona fide* dispute exists in this case. Plaintiffs claim they were misclassified as independent contractors and that they should have been classified as employees under the FLSA. Based on this premise, Plaintiffs believe that the compensation they received as independent contractors would not count as "wages" and, therefore, Defendants failed to pay them the applicable minimum wage. Plaintiffs also allege they worked in excess of forty (40) hours in certain workweeks without being paid overtime.

Defendants deny that Plaintiffs were misclassified and believe that Plaintiffs were properly treated, and paid as, independent contractors. Defendants further deny that any minimum wage violation could reasonably be found, under any theory, particularly insofar as Plaintiffs earned an average of $15.00 or more per hour worked. What is more, Defendants have no records of any additional alleged hours worked.

Finally, Plaintiff Pugh contends that after she raised concerns regarding the classification of hairstylists, Lady Jane's terminated her Independent Contractor Agreement in retaliation for her complaints. Defendants deny this allegation.

### B. The Settlement is Fair and Reasonable.

In addition to resolving a *bona fide* dispute between the Parties, the proposed settlement is fair and reasonable and should be approved. The proposed settlement arises out of an action for alleged unpaid minimum wage and overtime wages, stemming from Plaintiffs' belief that they

were misclassified as independent contractors. As explained above, there is a *bona fide* dispute as to Plaintiffs' classification as independent contractors, as well as relating to their FLSA claims. Based on the unpredictable nature of this type of litigation, it is possible that Plaintiffs could recover little or nothing at all as to their claims. Accordingly, Plaintiffs believe such a compromise is reasonable under the circumstances and in light of the defenses and risks of further litigating this matter.

There is no collusion between the Parties. This settlement was reached as a result of arm's-length negotiations between the Parties through experienced attorneys based upon information exchanged sufficient for counsel to fully assess their respective positions. *See West v. Emeritus Corp.*, No. 3:15-cv-437, 2017 U.S. Dist. LEXIS 104269 (M.D. Tenn. Jul. 5, 2017) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties, who were represented by experienced wage and hour counsel, engaged in arms-length litigation and negotiations over significantly contested issues for six months to achieve a settlement, there was "little to no risk the settlement was the result of fraud or collusion"). Additionally, the Parties utilized an experienced, well-respected mediator in the Nashville community as a means to reach a resolution as to the claims. *Applegate-Walton v. Olan Mills, Inc.*, No. 3:10-cv-00224, 2010 U.S. Dist. LEXIS 77965 (M.D. Tenn. Aug. 2, 2010) (noting the use of mediation with an experienced, third-party neutral in considering the arms-length negotiations between the parties).

Plaintiff is represented by counsel experienced in handling wage and hour actions. Plaintiff's counsel has the experience to assess the risks of continued litigation and benefits of settlement and has done so in this case. Plaintiffs' counsel also has an established practice representing employees with claims against employers similar to the claims asserted in this case.

6

Defendants' counsel are likewise experienced in defending similar claims. Counsel for the Parties have advised their respective clients regarding the settlement and they have recommended judicial approval. Courts routinely give those recommendations weight. See *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

The range of possible recovery in this case was uncertain. As noted above, the Plaintiffs were at risk of recovering little or nothing at all, and the Parties had very divergent positions on liability and damages.

The Parties have exchanged information sufficient for Parties and their counsel to: (i) collect, obtain, and review evidence; (ii) review and assess time and pay data and other information; (iii) evaluate their claims and defenses; (iv) understand the scope of potential damages; and (v) engage in negotiations with the mutual understanding that continuing toward dispositive motion practice would be a costly and uncertain undertaking. The significant amount of information shared between the Parties in this matter prior to settlement should weigh in favor of settlement approval. *See Brown v. Henley Propane, Inc.,* No. 4:20-CV-7, 2020 WL 4597077, at *2 (E.D. Tenn. Aug. 11, 2020).

Finally, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. As noted above, each Plaintiff was compelled to individual arbitration, requiring litigation of each Plaintiff's claims separate and apart from one another. The settlement avoids the necessity for further litigation of the enforceability of the Arbitration Agreement as to each Plaintiff, as well as the cost of discovery, motions, and hearings in arbitration. The settlement eliminates the inherent

risks both sides would face if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and should be approved.

C. **The Parties Agree That Attorneys' Fees and Costs Are Reasonable.**

The proposed settlement fairly and reasonably resolves Plaintiffs' *bona fide* FLSA dispute. The FLSA permits plaintiffs to recover their attorneys' fees and costs under the statute's fee-shifting provision. See 29 U.S.C. § 216(b). Consistent with the FLSA, under the proposed settlement agreement the Parties agree that Defendant will pay a certain amount to Plaintiffs' counsel for attorney's fees and costs.

The proposed amount for attorneys' fees did not affect the amount to be paid to Plaintiffs' wages claims. Here, the services were undertaken on a contingency basis, including Plaintiff's Pugh's FLSA retaliation claim.

The settled amount for attorney's fees and costs is less than the amount recoverable under the contingency agreement and less than the lodestar amount at the time of settlement. Plaintiffs' counsel paid a filing fee with federal court, and three separate filing fees with American Arbitration Association. Plaintiffs' also counsel spent considerable time ensuring that Plaintiffs would not be saddled with arbitrator costs by litigating the issue in front of this Court, and then conducting discovery and litigating in front of three separate arbitrators. As of the date of the mediation counsel had expended more than 120 hours on this case, including the three separate arbitrations. Additional attorney time has been spent negotiating and preparing the proposed settlement for the court's review.

The proposed settlement reflects the value of experienced counsel received throughout the litigation, negotiation, and settlement process on a variety of disputed issues of law given the *bona*

*fide* disputes between the Parties as to liability, limitations periods, and the potential recoveries at issue.

## IV. CONCLUSION

Given the time and expense associated with litigation and Plaintiff's desire to avoid the continued costs of arbitration, the Parties believe that a compromise is appropriate at this stage of the arbitration. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for the release of claims by Plaintiffs and a dismissal of the arbitrations, as well as this Lawsuit, with prejudice, to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.")

The Parties agree this FLSA settlement is a product of an arm's-length negotiation which resolves a *bona fide* dispute over allegedly owed minimum wage payments as well as overtime wages. The settlement is fair and reasonable and provides Plaintiffs with appropriate monetary relief. Accordingly, the Parties request that this Court approve the settlement and the disbursement of the settlement proceeds as described above. Further, counsel for Plaintiff requests that this Court award reasonable attorney fees and litigation costs in the amount requested. Finally, the Parties request that this action be dismissed with prejudice.

Respectfully submitted,

*s/ Daniel E. Arciniegas* (*with permission*)
Daniel E. Arciniegas
Arciniegas Law PLLC
256 Seaboard Lane
Suite E-105
Franklin, Tennessee 37067
daniel@attorneydaniel.com

David Weatherman
The Weatherman Firm
256 Seaboard Lane
Suite E-105
Franklin, Tennessee 37067
david@theweathermanfirm.com

Attorneys for Plaintiffs

*s/ Kaitlyn A. Hansen*
Paul E. Prather (TN Bar No. 010089)
Kaitlyn A. Hansen (TN Bar No. 037021)
LITTLER MENDELSON, P.C.
One Commerce Square
40 South Main Street, Suite 2500
Memphis, Tennessee 38103
Email:  pprather@littler.com
        khansen@littler.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of May 2024, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings:

Daniel E. Arciniegas
Arciniegas Law PLLC
256 Seaboard Lane
Suite E-105
Franklin, Tennessee 37067
daniel@attorneydaniel.com

David Weatherman
The Weatherman Firm
256 Seaboard Lane
Suite E 105
Franklin, Tennessee 37067
david@theweathermanfirm.com

                                                *s/ Kaitlyn A. Hansen*