IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AUBRAY PUGH, OLIVIA, LEES, and CASSIDY ELLIOT, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:22-cv-00556 |
| v. | ) ) | Judge Aleta A. Trauger |
| LADY JANE'S HAIRCUTS FOR MEN HOLDING COMPANY, LLC; LADY JANE'S MURFREESBORO TN, LLC; and LADY JANE'S NASHVILLE – COOL SPRINGS TN, LLC, MICHIGAN, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING JOINT MOTION FOR FLSA SETTLEMENT APPROVAL

Before the Court is the Joint Motion of Plaintiffs Aubray Pugh, Olivia Lees, and Cassidy Elliott (collectively, "Plaintiffs"), and Defendants Lady Jane's Haircuts for Men Holding Co., LLC, Lady Jane's Murfreesboro TN, LLC, and Lady Jane's Nashville – Cool Springs TN, LLC (collectively "Lady Jane's" or "Defendants") (together with Plaintiffs, the "Parties") for FLSA Settlement Approval. (Doc. 34). Having carefully considered the record, the motion, and the Settlement Agreement, the motion is GRANTED.

A district court must scrutinize a proposed FLSA settlement for fairness and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Lusane v. Mapco Express, Inc.*, No.

3:20-00665, 2022 U.S. Dist. LEXIS 59870 (M.D. Tenn. Mar. 31, 2022). "In this analysis, the Court examines three factors: (1) whether the settlement was achieved in an adversarial context, (2) whether the plaintiffs were protected by attorneys who can protect their rights and (3) whether the settlement reflects a fair and reasonable compromise of the issues in dispute." *Taylor v. Unilever Mfg. (U.S.), Inc.*, No. 2:20-cv-02803- SHL-atc, 2022 WL 18142390, at *2 (W.D. Tenn. Oct. 14, 2022) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

Based on a review of the parties' submissions in this case, the Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute. The Settlement Agreement was negotiated and agreed upon in an adversarial context, both sides are represented by experienced labor and employment counsel, and the agreed-upon resolution represents a fair and reasonable compromise of the FLSA claims given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

THEREFORE, the Court hereby GRANTS final approval of the Settlement Agreement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions and approves Plaintiffs' counsel's request for attorneys' fees and expenses. The Parties are DIRECTED to file a stipulation of dismissal with prejudice after the settlement has been effected. Thereafter, a judgment dismissing the claims of Plaintiffs Aubray Pugh, Olivia Lees, and Cassidy Elliott, with prejudice, in accordance with the terms of the Settlement Agreement.

It is so ORDERED.

_____
ALETA A. TRAUGER
United States District Judge